FILED
2021 Aug-09  PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **AKIBA CANADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KAPS & CO (USA) LLC d/b/a** | ) | |
| **Kaps & Co, a foreign limited** | ) | **Case No. 4:20-CV-1253-CLM** |
| **liability company,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Akiba Canady ("Canady") disputes an alleged debt that KAPS & CO ("Kaps") sought to collect from her. Canady claims that Kaps violated the Fair Debt Collection Practice Act ("FDCPA") by reporting this alleged debt to TransUnion without also reporting that Canady disputed the debt. Kaps moves this court to dismiss Canady's complaint under Rule 12(b)(2) for lacking personal jurisdiction over Kaps or under Rule 12(b)(6) for failing to state a plausible claim for relief. Doc. 17.

For the reasons stated within, the court **DENIES** Kaps' motion to dismiss.

1

## STATEMENT OF THE FACTS

Mid America Bank & Trust hired Kaps to collect a $401.00 debt that Canady allegedly owes to Mid America. Canady learned from her credit disclosure that Kaps reported this alleged debt to TransUnion. Canady then sent a letter to Kaps disputing this alleged debt on or about May 12, 2020. About two months later, Canady obtained another credit disclosure from TransUnion showing that Kaps last reported the tradeline reflected by the alleged debt on June 23rd but did not report that Canady disputed the debt. As a result, Canady alleges she suffers from a degraded credit report and credit score.

## STANDARD OF REVIEW

Because this is a Rule 12 motion, the court accepts the allegations in Canady's complaint as true and construes them in the light most favorable to Canady. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether all of Canady's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). If the facts as pleaded could entitle Canady to relief, then the court must deny Kaps' motion to dismiss. If, however, the court accepts all of Canady's pleaded facts as true, and Canady still would not be entitled to relief, then the court must grant the motion. The court will only consider the complaint and briefs on a motion to dismiss.

**ANALYSIS**

### I.    Personal Jurisdiction

Resolving personal jurisdiction requires the court to consider "whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).[1] To exercise jurisdiction over a defendant under the Due Process Clause of the Fourteenth Amendment, a plaintiff must show the defendant had "minimum contacts" with the forum State, *See Int'l Shoe v. Washington*, 326 U.S. 310 (1945), so that the defendant would "reasonably anticipate being haled into court" there. *See Burger King v. Rudzewicz*, 471 U.S. 461 (1985).

Plaintiffs can establish jurisdiction in two ways: (1) the defendant's continual and systematic contacts with the forum State (i.e. "general jurisdiction"), or (2) showing a substantial connection between the defendant's alleged conduct and the forum State (i.e. "specific jurisdiction"). *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Canady alleges that Kaps is a foreign limited liability company that conducts business in Alabama, but she does not plead facts about Kaps' "continual and systematic contacts" with the State to establish general

---

[1] Because Alabama's long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment, the court need only conduct the federal Due Process analysis in resolving questions of personal jurisdiction. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).

jurisdiction. So the court must determine whether it has specific jurisdiction over Kaps.

The Eleventh Circuit applies a three-part test to determine whether a court has specific jurisdiction over a non-resident defendant:

(1) [W]hether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum;

(2) [W]hether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and

(3) [W]hether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Williams v. Student Loan Guarantee Found. of Ark.*, No. 5:12-CV-02940-JHE, 2015 WL 241428, at *5 (N.D. Ala. Jan. 20, 2015) (quoting *Mosseri*, 736 F.3d at 1355)).

In cases involving intentional torts—such as unlawful practices under the FDCPA—a defendant's tortious conduct directly aimed at a plaintiff within the forum State may constitute such contacts that the defendant would reasonably anticipate being haled into court in that State. *See Williams*, 2015 WL 241428 at *5-6 (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)); *Brewer v. Transunion, LLC*, 453 F. Supp. 2d 1346, 1350-51 (S.D. Ala. 2006). Under the *Calder* effects test, the plaintiff must show that the defendant "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Williams*, 2015 WL 241428, at *5 (quoting

4

*Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1220 n. 28 (11th Cir. 2009)).

Canady alleges that (1) Kaps failed to report that Canady disputed the debt when it last reported the debt to TransUnion on June 23; (2) Canady resides in Etowah County, Alabama; and (3) Kaps failure to report the debt as disputed causes Canady to suffer from a degraded credit report and credit score. Based on these allegations, it is reasonable to infer that Kaps knew and intended for its actions to reach Canady in Alabama so that it could reasonably expect to be haled into an Alabama court if Canady sued Kaps. Plus, Kaps does not argue how being sued in Alabama would violate notions of fair play. (Doc. 17, p. 6). Thus, under the *Calder* effect test, this court has specific personal jurisdiction over Canady's FDCPA claim against Kaps.

## II.   Canady's FDPCA Allegation

The FDPCA prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Canady alleges that Kaps' attempt to collect the alleged debt violated § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8)(emphasis added). Debt collectors violate §1692e(8) when they report an alleged debt to credit reporting agencies but omit that the debtor

disputes the debt. *See, e.g., Carlisle v. Nat'l Comm. Servs., Inc.*, 722 Fed. App'x. 864, 869 (11th Cir. 2018); *See also Evans Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 349 (7th Cir. 2018); *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 249–50 (5th Cir. 2017); *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008).

Kaps moves this court to dismiss the complaint pursuant to Rule 12(b)(6) for two reasons: (1) Canady fails to plausibly allege Kaps knew or should have known that she disputed the debt; and (2) Canady fails to state a claim because she alleges she disputed the debt after Kaps originally reported it.

   a. *Whether Canady plausibly alleges that Kaps knew or should have known that the she disputed the debt.*

Kaps argues that Canady's complaint fails to plausibly allege that it knew or should have known she disputed the debt because she fails to allege that (1) Kaps ever received the dispute letter; and (2) that the letter contained sufficient information to put Kaps on notice of her dispute. To support this argument, Kaps cites to *Weiner v. LVNV Funding, LLC*, No. 14-CIV-62535, 2015 WL 252286 (S.D. Fla. Jan. 20, 2015). In *Weiner*, the Southern District Court of Florida dismissed a § 1692e(8) claim when the plaintiff failed to allege certain facts within his knowledge, such as "the nature of the alleged debt and the content and context of the alleged 'dispute letter.'" *Weiner*, 2015 WL 252286 at *2. Based on the court's analysis in *Weiner*, Kaps argues that Canady's failure to allege similar facts—such as "how and where she sent the letter and to whom she sent it"—warrants dismissal of her claim.

6

(Doc. 17, p. 9).

The court disagrees for two reasons. First, Kaps cites no binding authority that states Canady must allege facts of the exact contents of her letter and how Kaps received the letter to state a plausible § 1692e(8) claim. Second, unlike the plaintiff in *Weiner*, Canady pleads sufficient factual support to raise her claim above a speculative level where she alleges (1) information about the alleged debt; (2) Kaps' relationship to the alleged debt as a collector for Mid America Bank & Trust; and (3) the date she sent the letter to Kaps disputing this debt. (Doc. 1, ¶¶ 6-9). Read in a light most favorable to Canady, these factual allegations sufficiently plead a violation of § 1692e(8) of the FDCPA. *See Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1280 (S.D. Ala. 2010) (finding a plausible § 1692e(8) claim sufficient where plaintiff alleged he disputed the debt and defendants then reported the debt without flagging it as disputed).

  b.  *Whether Canady states a claim under § 1692e(8) for disputing the debt after Kaps originally reported the debt to TransUnion*

Kaps also argues that Canady's complaint fails to state a claim under § 1692e(8) because Canady alleges that she disputed the debt only after Kaps first reported the debt to a credit reporting agency. Although acknowledging that Canady alleges that Kaps "last reported the tradeline reflected by the alleged Debt to [sic] June 23, 2020," Kaps argues Canady fails to allege that Kaps communicated any other credit information about the debt at any time after April 23. (Doc. 17, p. 11).

The Federal Trade Commission's ("FTC") Staff Commentary on this provision of the FDCPA states:

1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer, either from receipt of written notice (section 809) or other means, and reports it to a credit bureau, he must report it as di[s]puted.

2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.

*Whitehead v. Nationwide Recovery Serv., Inc.*, No. 1:18-CV-3670-TCB-JCF, 2019 WL 8277269, at *5 (N.D. Ga. Dec. 2, 2019), *report and recommendation adopted*, No. 1:18-CV-3670-TCB, 2020 WL 1467253 (N.D. Ga. Jan. 8, 2020) (quoting Staff Commentary on the Fair Debt Collection Practices Act, 53 FR 50097-02, 1988 WL 269068, *50106 (Dec. 13, 1988)). The Northern District Court of Georgia has interpreted this FTC commentary to "indicate[ ] that only if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8) must he then also report that debt as disputed." *Whitehead*, 2019 WL 8277269, at *5 (citation omitted); *See also Wilhelm,* 519 F.3d at 418 (granting summary judgment for defendant debt collector where there was no evidence that the defendant failed to report an alleged debt as disputed after it learned of the plaintiff's dispute). While a debt collector does not have to proactively amend its report after learning the debtor disputes the debt, "a debt collector violates § 1692e(8) if it [1] reports a debt to a credit agency, [2] learns of a consumer's dispute of that debt, then [3] reports the debt to a credit

8

agency again without disclosing the dispute." *Whitehead*, 2019 WL 8277269, at \*5.

Canady does not claim that Kaps had an affirmative duty to reverse or amend its initial report to TransUnion after she disputed the debt. Rather, she alleges Kaps violated the FDCPA when it reported information about the alleged debt again to TransUnion on June 23rd—after she sent her dispute letter—yet did not report the debt as disputed. Based on the court's analysis in *Whitehead*, and reading the facts in a light most favorable to Canady, Canady has sufficiently stated a claim under § 1692e(8).

## CONCLUSION

For the reasons stated above, the court **DENIES** Kaps' motion to dismiss (doc. 17). The parties must file a Rule 26 report that complies with the court's initial order (doc. 4) by **September 10, 2021**. The court will schedule a conference once it receives the Rule 26 report.

**DONE** and **ORDERED** on August 9, 2021.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE